Argued and submitted July 15, reversed November 18, 1987

STATE OF OREGON,
*Respondent,*

*v.*

BRUCE ERIC BOSWELL,
*Appellant.*

(M68796; CA A42612)

745 P2d 436

Henry J. Kaplan, Hillsboro, argued the cause and submitted the brief for appellant.

Jens Schmidt, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for carrying a concealed weapon. ORS 166.240. He contends, *inter alia,* that the trial court erred in overruling his demurrer to the complaint. We agree with defendant that the complaint fails to allege a crime and, therefore, we reverse.

ORS 166.240(1) provides:

"Except as provided in ORS 166.260, 166.290 and subsection (2) of this section, any person who carries concealed upon the person any knife having a blade that projects or swings into position by force of a spring or by centrifugal force and commonly known as a switchblade knife, any dirk, dagger, ice pick, slung shot, metal knuckles, *or any similar instrument* by the use of which injury could be inflicted upon the person or property of any other person, commits a Class B misdemeanor." (Emphasis supplied.)

In *State v. Tucker,* 28 Or App 29, 33, 558 P2d 1244, *rev den* 277 Or 491 (1977), we held that, in order to save ORS 166.240(1) from a constitutional vagueness challenge, it must be construed to require that the concealed weapon *be similar to* one of the objects enumerated in the statute and designed or intended for use as a weapon.

The complaint in this case alleges:

"The above named defendant is accused by this complaint of the crime of carrying a concealed weapon committed as follows:

"That the above named defendant on or about the 12th day of September, 1986, in Washington County, Oregon, did unlawfully and knowingly carry concealed upon the defendant's person a knife which could be used to inflict injury upon the person or property of another person, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

That language does not satisfy the requirements of the statute as we construed it in *Tucker.* Therefore, the complaint fails to allege a crime, and the trial court erred in overruling defendant's demurrer.

Reversed.